By the Court:
If the city of Newark is a city of the third grade of the second class then the salary of the plaintiff below, defendant in error here, was $200 per year, and the demurrer was rightfully overruled and the writs of mandamus lawfully awarded. If, however, that city was of the fourth grade of the second class, such salary would have been $50 per annum only and the demurrer to the petition should have been sustained and the writs of mandamus denied. By the census of 1890 the city of *551 Newark had a population of 14,370 which was large enough to entitle it to become a city of the third grade of the second class, for by the terms of section 1548, Revised Statutes, any city having more than 10,000 inhabitants and less than 20,000 is eligible to become a city of that class and grade. Newark prior to the census of 1890 had been a city of the fourth grade of the second class. After the census of 1890 had been taken, and its population ascertained to be large enough (14,370) to entitle it to become a city of the third grade of the second class, it took no steps whatever to advance its grade; and if its grade has been advanced that end was accomplished by operation of law alone. According to the provisions of section 1549, Revised Statutes, as that section read before the amendment of April 15, 1892 (89 O. L., 302), the city of Newark by operation of that section alone would have been advanced and become a city of the third grade of the second class on July 1, 1892, unless its council should previously “determine it to be inexpedient.” As section 1549, Revised Statutes, then read it would have been necessary for its council to take action before July 1, 1892, and declare it to be inexpedient to have the city advanced, or the advancement would have been accomplished by section 1549 on that day. The council could, however, have made the declaration and prevented the advancement at any time before July 1, 1892. On April 15, 1892, before the period had thus expired in which the council mig'ht prevent its advancement, section 1549, Revised Statutes, was amended (89 O. L., 302), and the amendment forbid the advancement unless the council should first by a two-thirds vote of all its members declare a change of grade or class to be *552 expedient. This amendment worked a complete chang'e in the policy of law in relation to changing the grades and classes of municipal corporations. Before, the general policy was to have municipal corporation advance or change its grade, etc., by operation of law alone, unless its council should declare it inexpedient to do so, but by the amendment before noted the policy was changed so that municipalities would remain in their existing grades and classes, notwithstanding a change of population, unless the council by a two-thirds vote of all its members should decide to have it changed. It is quite clear, therefore, that on July 1, 1892, the city of Newark did not become a city of the third grade of the second class, and the reason why it did not, was that its city council did not by a two-thirds vote of all its members declare in favor of its advancement.
As the city of Newark did not become a city of the third grade of the second class on the first day of July, 1892, it becomes necessary to determine whether it has been advanced to that grade since. Unless this was accomplished by the amendment made to section 1548, Revised Statutes, on February 6, 1894 (91 O. L., 14), or by the amendment of the same section March 13,1894(91 O. L., 58), the grade of the city remains as it was before and on July 1, 1892. It will be necessary to consider the - statute as last amended only, and as thus amended it reads as follows:
“Existing corporations, organized as cities of the second class, . shall remain such until they become cities of the first class, and their grades and the grades of those which may be or may become cities of the second class shall be determined as follows: Those which, on the first day *553 of July, Á. D. 1890, had, and those which, on the first day of July in any year, have, when ascertained in the way mentioned in section .1547 of the Revised Statutes, more than thirty thousand five hundred, and less than thirty-one thousand five hundred inhabitants, shall constitute the first grade; those which, on the first day of July, A. D. 1890, had, and those which, on the first day of July, in any year, have, when ascertained- in the same way more than twenty thousand and less than thirty thousand five hundred inhabitants, shall constitute the second grade; those which on the first day of July, A. D. 1890, had, and those which, on the first day of J uly, in any year, have, when ascertained in the same way, more than ten thousand and less than twenty thousand inhabitants, shall constitute the third grade; those which, on the first day of July,. A. D. 1890, had more than twenty-eight thousaud and less than thirty-three thousand inhabitants, and those which on the first day of July, in any year, have, when ascertained in the same way, more than twenty-eight thousand and less than thirty-three thousand inhabitants, shall constitute and be the third grade a; those which on the first day of July, 1890, had more than sixteen thousand and less than eighteen thousand inhabitants, shall, on and after the passage of this act, constitute and be, and those which, on the first day of July, in any year, have, when ascertained in the same way., more than sixteen thousand and less than eighteen thousand inhabitants, shall constitute and be the third grade b; and those which on the first day of July, 1890, had, and those which hereafter, on the first day of July, in any year, have less than ten thousand and more than five thousand inhabitants, *554 shall constitute the fourth grade; except that those which, on the first day of July, 1890, had more than eight thousand three hundred and thirty and less than nine thousand and fifty inhabitants, shall, on and after the passage of this act, constitute and be, and those which may hereafter on the first day of J uly, in any year, have, when ascertained in the same way, more than eight thousand three hundred and thirty and less than nine thousand and fifty inhabitants, shall constitute and be the fourth grade a.”
The clause which relates to cities of the third grade of the second class reads as follows : “those which, on the first day of July, A. D. 1890, had, and those which, on the first day of July, in any year, have, when ascertained in the same way, more than ten thousand and less than twenty thousand inhabitants, shall constitute the third grade.” This language is sufficient to place the city of Newark in the third grade of cities of the second class by its own force. But by comparing this language of the section since its amendment with the language it contained before on this subject, it clearly appears that the section as amended contains nothing in as far as it affects the grade of the city of Newark that it did not contain before the amendment was made. Contention is made by the plaintiff in- error that the purpose of the general assembly was simply to create a new grade, to-wit, fourth grade a, which was made appropriate to a certain city, and that it had no purpose to change the grade of any. other city, and that as to every other city than the one for which a new grade was created, the statute should be read and construed as if it had not been amended; and that the samejwords in the amended *555 statute should not be deemed to produce a result •which they had not accomplished originally. And this reasoning is further enforced by reference to section 16 of article 2 of our constitution which requires that when a section is amended the new section must contain the entire section as amended and the old section must be repealed. It is said that the general assembly when it wished to change a statute in any particular, as it was compelled by the constitution to re-write and re-enact the entire section, and repeal the former section, the new section should have the same operation and effect that the former section had except in as far as the language introduced gave to the new section a different effect. This is.a plausible line of argument, and in regard to many statutes might be controlling. But as the classification of municipal corporations is a subject within the exclusive province of the legislature and as it has power to change their classes and grades at any time whenever it deems a change proper, there perhaps is no way more safe or proper to ascertain its intention in this respect than to gather it from a fair construction of the last words it has employed on the subject. The general assembly has authority to reclass and regrade the municipalities of the state whenever it deems such action expedient and in the amendment of March 13, 1894, (91 O. L., 58) having employed language, the natural and ordinary effect of which was to reclassify and regrade them, how can it be asserted that such was not its purpose. But however this may be, the inquiry will not be pursued further, for there is a proviso in section 1549, Revised Statutes, which reads: “Provided, that no municipal corporation shall pass into any other class or grade, under the *556 operation of this section, or the preceding sections, fifteen hundred and forty-seven and fifteen hundred and forty-eight, unless the council shall first have declared, by a vote of two-thirds of all the members therof, that such change of class or grade is expedient.” The declaration of the city council provided for in this proviso is as necessary to enable a municipal corporation to pass from one class or grade into another, since the amendment under discussion was made, as it was before.

Judgment reversed and petition of defendant dismissed.